**MAFFITT et al. v. BECKER, Collector of Internal Revenue.**

**No. 9662.**

Circuit Court of Appeals, Eighth Circuit.

June 24, 1933.

Paul Bakewell, Jr., of St. Louis, Mo., for appellants.

Henry L. Young, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. W. Wideman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment for defendant, appellee, in an action brought by appellants to recover income taxes and interest which were paid by them and which it is alleged were illegally assessed.

A jury was waived and the case tried to the court.

The findings by the court are set out in the margin.[1]

---

[1] "Findings of Fact.

"The plaintiffs in this case are the duly qualified executor and executrix under the will of Edward J. Walsh, deceased. The said Edward J. Walsh died May 31, 1928.

"For the years preceding the calendar year 1928, Edward J. Walsh had made returns of his income on the basis of the calendar year.

"The plaintiffs herein, as executors, made a return of income received by the said Edward J. Walsh for the period from January 1st to May 31, 1928, and included in that return certain profits which the decedent had realized on the sale of securities, but did not, at the time of filing such return, pay the tax on such profit. The profit which was derived from the sale of such securities was included in the assets of the estate of the decedent for the purpose of determining the Estate Tax, and the Estate Tax was determined by the value of the estate including such profits.

"The income tax return for the period from January 1st to May 31, 1928, as filed by the executors, was filed on March 15, 1929. Attached to said income tax return was a request for a prompt assessment which was signed by said executor and executrix, which request was in the following language:

" 'Collector of Internal Revenue,
" 'St. Louis, Missouri.
" 'Dear Sir:

" 'There are filed herewith tax returns by the undersigned as executors under the will of Edward J. Walsh. In accordance with Section 275 of the Revenue Act of 1928, we respectfuly request a prompt audit of said returns and a prompt assessment of any tax liability that may be asserted thereunder.

" '[Signed]  Thomas S. Maffitt,
" '[Signed]  Winifred E. Walsh,

" 'Executors under the will of Edward J. Walsh.'

"Said request for a prompt assessment being attached to the return was filed with the Collector of Internal Revenue at St. Louis simultaneously with and attached to the return on March 15, 1929.

"On April 28, 1930, and more than one year after the above request was so filed, the Commissioner of Internal Revenue assessed an additional tax of $7,156.55, plus interest thereon in the sum of $487.53 and notified the plaintiffs herein of such assessment. Thereafter, and on May 3, 1930, the total sum of $7,644.08 was paid to the defendant as Collector by the plaintiffs herein. Thereafter a claim for a refund of said amount was made, which claim was subsequently denied by the Commissioner of Internal Revenue. Thereafter this suit was filed for the recovery of such claim.

"No persons other than the plaintiffs herein, as the executor and executrix under the will of Edward J. Walsh, are the owners of the claim herein asserted or interested therein; no assignments or transfer of the claim herein asserted, or any part thereof, or interest therein, has been made.

"Conclusions of Law.

"First: The request for prompt assessment was not binding in law as a compliance with Section 275 (B) and did not limit the time within which an assessment of additional tax might be made to one year from the date that said return was filed.

By requests for declarations of law timely made, defendant raised the questions now presented on this appeal. They may be stated thus:

(1) Whether the written request for a prompt audit of the return and a prompt assessment of the tax liability of the decedent, Edward J. Walsh, was properly and duly filed by the executors of his estate, the appellants herein, as provided for in section 275 (b) of the Revenue Act of 1928 (45 Stat. 856, 26 USCA § 2275 (b).

(2) Whether it was the duty and obligation of executors to make and file a return of income received by their testator during the fractional part of a year that their testator had lived; and whether there was liability for a tax on income for such fractional part of a year.

(3) Whether profits derived by the decedent, which profits were included in and formed a part of the assets of the decedent for the purpose of the estate tax, and were subject to taxes as corpus, were also taxable as income during the same year.

The first of these questions calls for a construction of the statute referred to. It reads so far as here directly involved as follows:

"a. Because it was not filed after the return was made, but contemporaneously, and

"b. Because it was not filed with the Commissioner of Internal Revenue, but filed with the Collector.

"Second: Under the Revenue Act in force in 1928 and 1929, the plaintiffs in this case were required to make two returns of income for taxes for the year 1928, to-wit, one for income received by the decedent for the last five months of his life, that is, from January 1st to May 31st, 1928, inclusive, and a separate return for his estate in their hands during the seven months from June 1st to December 31, 1928, inclusive.

"Third: The levy and assessment of taxes against income received by the decedent from January 1st to May 31, 1928, being the portion of the year that the decedent lived, is the assessment of an income tax for a taxable year.

"Fourth: The Regulations promulgated by the Commissioner of Internal Revenue requiring executors to make a separate return for a decedent for that portion of a taxable year that the decedent had lived, are valid and proper, and the levy and assessment of an income tax by the Commissioner of Internal Revenue for such period of time, as constituting a taxable year, are within the limits of Congressional enactment and are valid and effective.

"Fifth: An executor under the will of a decedent is a fiduciary for the decedent within the meaning of that term as used in the Revenue Act of 1928.

"Sixth: Although the property was included in the assets of the estate of Edward J. Walsh at the time of his death and was subjected to the Estate Tax, if such property had been received as profit by the said Edward J. Walsh in the year during which he died, such profit is income to him and is to be taxed as such, and the imposition of income taxes and estate taxes on the same property, at different times and in the hands of different persons, although they be imposed within the same year, is not objectionable on the ground that such imposition of income taxes and estate taxes against the same property is double taxation."

"(b) Request for Prompt Assessment. In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of two years after the return was filed."

Paragraph (a) of the same section reads as follows: "(a) General Rule. The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

By comparison of paragraphs (a) and (b), the purposes of the latter are apparent. One purpose was to shorten the time from two years to one year for assessing the tax where income had been received during the lifetime of the decedent, but subsequent to his last return. To secure such shortening of the time, there were two prerequisites: (1) The filing of a return; (2) a request by the executor or administrator for prompt audit and assessment. A return was necessary in order that the auditing and the assessing officers might have information upon which to work; a request was necessary in order that the officers might know that the statute shortening the time for assessment was invoked.

If filing the request sets the one-year limitation running, common fairness would suggest that the request should not be filed before the return is filed. But the moment the return is filed, the material upon which to work is furnished and no good reason is suggested why the request should not be filed at once. The words of the statute "filed after the return is made" are satisfied, so far as purpose is concerned, if the filing of the request takes place *not before* the return is made. Such construction of the words "filed after the return is made" is apparently in accord with the views of the officers charged with the execution of the statute. In Regulations 74 of the Treasury Department relating to income tax under the 1928 Revenue Act, we find in article 1201 the following statement (page 307): "The request, in order to be effective, must be made after the return is filed." And in article 1202 the following statement, referring to the request (page

309): "* * * nor is it of any effect if made before the return is filed."

A similar statement is found in Regulations 65 under the Revenue Act of 1924.

In the case of Nichols v. Lee, 16 Colo. 147, 26 P. 157, 160, the court had before it section 3577 of the Colorado General Statutes of 1883, which provided as follows: "Whenever after inventory and appraisement therein, as herein provided, it shall appear that the personal estate of any decedent is insufficient to discharge the just debts * * * resort may be had to the real estate." In discussing the statute, the court said: "The words 'after inventory and appraisement' can properly be taken only as a *designation of the time at which, or before which,* the administrator may not make his application." (Italics ours). .

Even if the words "filed after the return is made" are held to require a definite sequence of acts, yet the case at bar does not show failure in respect to such sequence. Where acts are required to be done in a certain order and they are done on the same day, it will be presumed that they are done in the order required. 62 C. J. p. 979; Deal v. Anderson, 165 Ga. 416, 141 S. E. 51; Revill's Heirs v. Claxon's Heirs, 12 Bush. (Ky.) 558; Ferris v. Chic-Mint Gum Co., 14 Del. Ch. 270, 125 A. 343; Knowlton v. Culver, 2 Pin. (Wis.) 243, 52 Am. Dec. 156.

But it is contended that the request for prompt audit and assessment was not filed with the proper officer; that it should have been filed with the Commissioner of Internal Revenue and not with the collector.

It is to be noted that the statute does not specify with what officer the request shall be filed; nor do the regulations. This is an important fact to be considered.

It is next to be noted that the collector is the revenue officer with whom the average taxpayer most commonly comes in contact; the return is filed with him; he is required to audit the return and if mathematical errors are discovered, to notify the taxpayer; notice and demand for payment, in case deficiency is established, come to the taxpayer from the collector. To the average taxpayer, the collector is the representative of the taxing and collecting authority.

It is further to be noted that a request for prompt audit and assessment filed with the collector reaches the persons required to be prompt more quickly than if filed at Washington with the commissioner. An examination of article 451 of Regulations 74 of the Treasury Department relating to income tax will show that an audit of the return is made by the collector, and a survey and classification is made by revenue agents detailed from the offices of internal revenue agents in charge, before the return is forwarded to Washington. Promptness on the part of these officials is just as essential to the carrying out of the provisions of the statute as is promptness on the part of officials at Washington or elsewhere through whose hands the return passes. Time is accordingly saved by filing the request for promptness with the collector instead of with the commissioner.

It is still further to be noted that at the time the request for prompt audit and assessment in the case at bar was left with the collector, his attention was called to it, and he received and retained it without disclaimer of authority to receive and file it.

Finally, the well-known rule of construction of tax statutes should be applied, that where the language of the statute is uncertain, it should be construed favorably to the taxpayer. Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211. In that case the court in its opinion said: "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

The case of Mutual Lumber Company v. Poe (C. C. A.) 44 F.(2d) 922, and Id. (C. C. A.) 50 F.(2d) 1079, relied upon by appellee, is not in point because in that case the statute involved expressly required that the notice under consideration should be filed with the commissioner.

Our conclusion is that the request for prompt audit and assessment was properly filed, both as to time and place, and that the assessment was made after the statutory limitation had expired and was, therefore, invalid.

We find it unnecessary to discuss the other questions presented on this appeal.

The judgment is reversed, with instructions for further proceedings not inconsistent with the views herein expressed.