CHARLES E. KOHLHASE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER B. ARNOLD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15011, 15012. Promulgated May 6, 1949.

Robert A. Littleton, Esq., for the petitioners.
S. Earl Heilman, Esq., for the respondent.

OPINION.

MURDOCK, *Judge*: Section 311 (b) (1) of the Internal Revenue Code provides that the period of limitation for assessment of the liability of an initial transferee of the property of a taxpayer shall be "within one year after the expiration of the period of limitation for assessment against the taxpayer." Section 275 (a) provides the general rule that taxes shall be assessed within 3 years after the return was filed, and no proceeding for collection without assessment shall be begun after the expiration of such period. The transferee notices were mailed about 3 years and 2 months after the 1943 returns were filed and about 2 years and 8 months after the returns for the period ended June 30, 1944, were filed. That mailing would have been timely under the statutory provisions referred to above. The petitioners rely, however, upon section 275 (b), which is entitled "Request for Prompt Assessment" and provides that in the case of income received by a corporation "the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within eighteen months after written request therefor (filed after the return is made)" by the corporation. It further provides that the subsection shall not apply in the case of a corporation unless the written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of 18 months, the dissolution is in good faith begun within that period, and the dissolution is completed. The respondent does not argue that any of those exceptions applies here. Furthermore, section 276 (b), relating to waivers, need not be considered, because the notices to these petitioners were timely, regardless of the waiver, if section 275 (b) does not apply, and the waiver was filed after the time prescribed by section 275 and, therefore, has no effect if section 275 (b) applies.

The only question on which the parties differ is whether the letter which the taxpayer attached to its returns for the period ended June 30, 1944, was a request for prompt assessment of the taxes for that period and for the calendar year 1943, within the meaning of section 275 (b). The respondent argues that it was not such a request for three reasons: (1) It "did not cite that section of the statute"; (2) "The word 'assessment' was not used"; and (3) it did not refer in any way to the taxes for 1943.

Section 275 (b), upon which the petitioners rely, is an exception to the general rule of the statute of limitations. The taxpayer must bring himself within it. The section does not specify any particular form which the request must follow, but it has been held that it must give the Commissioner reasonable notice that it is intended to be a request for prompt assessment under this provision. *Mary Lee Winger, Executrix*, 30 B. T. A. 357; petition for review dismissed, 79 Fed. (2d) 1022. The Commissioner points out that the letter did not mention section 275 (b) or the word "assessment." That probably would not be fatal, but it might be difficult to put the Commissioner on reasonable notice by a letter which did not mention either section 275 (b) or an early assessment. The letter here in question mentions that the corporation has been dissolved and that its final returns have been filed. It then asks for an immediate audit of the returns. That would not indicate that the letter was intended to be a request under section 275 (b). *Mrs. Niels (Mellie) Esperson, Executrix*, 13 B. T. A. 596; affd., 49 Fed. (2d) 259; certiorari denied, 284 U. S. 658. It also requests an early "final determination of the Income Tax Liability" of the corporation, and states the purpose for this, the purpose being that the stockholders want to report the correct profit on their individual returns. That probably means that the distributions which they had received exceeded the cost of their stock and they wanted to know the exact figures so that they could compute that gain. It does not refer to all taxes or to excess profits or declared value excess profits taxes. This letter does not indicate that the petitioner is interested in having or is requesting a prompt assessment of all taxes against the corporation. The corporation had already made complete distribution of its assets and was not waiting for final assessment of its taxes. Cf. *White* v. *United States*, 22 Fed. Supp. 821. The Commissioner did not regard the letter as a request under section 275 (b) (cf. *Beverly Wall Paper Co.* v. *Commissioner*, 98 Fed. (2d) 211), and he acted within reason.

*Decisions will be entered for the respondent*