J. B. Cage, et al.,* Petitioners, v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 23556, 23557, 23558, 23559, 23560, 23561, 23562.
Promulgated October 19, 1950.

*W. E. Seale, Esq.*, for the petitioners.
*J. P. Crowe, Esq.*, for the respondent.

*Proceedings of the following petitioners are consolidated herewith : F. M. Boykin, Sr., C. C. Boykin, L. A. Cage, F. M. Boykin, Jr., J. L. Brittain, and J. E. Ford, Transferees.

530

OPINION.

ARUNDELL, *Judge:* Petitioners concede their liability as transferees for the deficiencies determined against the Central Oil Co. if the Commissioner is not barred from assessing such taxes by the provisions of sections 275 (b)[1] and 311[2] of the Internal Revenue Code.

The parties are agreed that the dissolution of Central was in good faith commenced and completed within 18 months after the letter in question was filed with the collector along with the corporate returns. The sole question is whether the letter attached to the final corporate returns constituted a request for prompt assessment within the meaning of the statute. If the letter met the requirements of the statute, the 18-month period during which the respondent could make an assessment of the tax in question against the corporation under section 275 (b) expired on March 12, 1947, and the 1-year period thereafter during which the Commissioner could have proceeded against the petitioners as transferees under section 311 expired on March 12, 1948, both of which dates occurred prior to the issuance of the notice of deficiency on March 7, 1949.

The letter attached to the corporate returns of Central which petitioners contend constituted a request for prompt assessment was ad-

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

* * * * * *

(b) REQUEST FOR PROMPT ASSESSMENT.—In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, *the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within eighteen months after written request therefor (filed after the return is made)* by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of three years after the return was filed. This subsection shall not apply in the case of a corporation unless—

   (1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such 18 months' period; and

   (2) The dissolution is in good faith begun before the expiration of such 18 months' period; and

   (3) The dissolution is completed.

[Emphasis added.]

See also Regulations 111, section 29.275–1.

[2] SEC. 311. TRANSFERRED ASSETS.

* * * * * *

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows.

(1) In the case of the liability of an initial transferee of the property of the taxpayer,—*within one year after the expiration of the period of limitation for assessment against the taxpayer;* * * *. [Emphasis added.]

dressed to the *collector* of internal revenue at Austin, Texas. It was signed by J. R. Gibson who appears to have been an accountant employed by Central in the preparation and filing of its final tax returns. The letter itself contains no authority on the accountant's part to request a prompt assessment on behalf of the corporation. Section 275 (b) specifically requires that a request for prompt assessment notify the *Commissioner* and that the request be filed "by the corporation." The letter herein did not in terms meet these requirements.

The significance of these defects is best demonstrated by a brief review of the purpose of section 275 (b) and the burden it places upon the Commissioner. In the case of a corporation which has dissolved or is contemplating dissolution it is to the distinct advantage of the stockholders to have a prompt and final determination of the corporate tax liability for which they as transferees may become liable upon dissolution. Therefore, section 275 (b) provides that under these circumstances a corporation shall have the privilege of requesting a prompt assessment of taxes and in cases where a proper request is made under the statute the Commissioner must assess the tax within a period of 18 months, and he no longer has the usual 3 years within which to act.

The Commissioner is confronted with a tremendous administrative task in processing and investigating the millions of returns filed each year. Under ordinary circumstances, the Commissioner is required to complete the processing and investigation of a taxpayer's return, and determine a deficiency in tax, if such exists, within a period of 3 years after the filing of the return. See section 275 (a) of the Internal Revenue Code. Therefore, where the taxpayer would claim the benefits of section 275 (b) and would impose upon the Commissioner the burden of determining any deficiency within a period of 18 months, it is imperative that the request for prompt assessment be brought directly to the Commissioner's attention, show the corporate authority for the request, and disclose such other information as is necessary for the Commissioner to comply with the request. For the same reason the Commissioner is completely justified in requiring strict and meticulous compliance with the statute and his regulations. *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245; *Vandam Charlton Corp.*, 45 B. T. A. 159.

We cannot accept the petitioner's argument that it was proper to address the request to the collector rather than to the Commissioner as specified by the statute. The conclusions reached in *Maffitt* v. *Becker*, 65 Fed. (2d) 880, to the effect that to the average taxpayer the collector is the representative of the collecting authority and that a request for prompt audit and examination filed with the collector reaches the persons required to be prompt more quickly than if filed

at Washington with the Commissioner, were based upon the Court's observation that the statute as it then existed did not specify with what officer the request should be filed, nor did the Regulations.

In respect to the requirement that the request be filed "by the corporation," petitioners contend that because the letter was attached to the corporate returns it became a part of those returns and the signatures of the corporate officers on the returns were sufficient to establish the authority and validity of the letter. As a matter of fact, there is nothing in the record to assure us that the letter in question was either attached to the returns or brought to the attention of the corporate officers at the time they affixed their signatures to the returns. In any event, the statute specifies that the request shall be "filed after the return is made." Although it has been held that a letter attached to the return does not violate this requirement, we believe the statute contemplates a request separate and distinct from the return in the sense that it must disclose sufficient information and authority independent of any facts which may be contained in the return to meet the requirements of the statute.

This is not a case where the Commissioner is standing on mere technical objections after having investigated and acted upon the purported request. Cf. *Angelus Milling Co.* v. *Commissioner*, 325 U. S. 293; *Buckley, Inc.* v. *Commissioner*, 158 Fed. (2d) 158. There is nothing in the present record to indicate that the Commissioner took note of the letter in question or in any way recognized it as a request for prompt assessment. It cannot be claimed that the collector accepted and acquiesced in the letter as a request for prompt assessment on the Commissioner's behalf, nor may the petitioners complain that the letter was summarily or arbitrarily dismissed by the Commissioner without affording the corporation an opportunity to file a request which would meet the requirements of the statute. On the contrary, the collector promptly informed both the accountant and the corporate officers of the receipt of the request, wherein it failed to comply with the statute, the corrections that should be made in filing another request, the exact address to which the request should be sent, and the serial number which had been assigned by the Collector's office to the corporate income tax return. However, neither the corporation nor the petitioners took any further action in respect to the filing of a proper request.

Petitioners base their argument to a great extent on the opinion of the Court of Appeals for the Sixth Circuit in *Kohlhase* v. *Commissioner*, 181 Fed. (2d) 331, reversing our decision in *Charles E. Kohlhase*, 12 T. C. 725. However, we do not feel that the views expressed by the Court of Appeals in *Kohlhase, supra*, are applicable here, for it is clear that the letter which was attached to the corporate return

and was held in that case to constitute a request for prompt assessment under section 275 (b) was addressed to the Commissioner and was signed by the president and treasurer of the corporation.

We, therefore, conclude that the letter attached to the returns of Central Oil Co. for the taxable period May 1 to July 31, 1945, did not constitute a request for prompt assessment within the meaning of section 275 (b) and, therefore, respondent is not barred either by the provisions of section 275 (b) or section 311 from assessing the deficiencies in excess profits tax due from the corporation against the petitioners as transferees.

*Decisions will be entered for the respondent.*