R. B. GRIFFITH COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
R. B. Griffith Co. v. Commissioner
Docket No. 3118-71
United States Tax Court
T.C. Memo 1973-50; 1973 Tax Ct. Memo LEXIS 235; 32 T.C.M. (CCH) 219; T.C.M. (RIA) 73050; February 27, 1973, Filed Harold D. Shaft, for the petitioner. Gerald W. Leland, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in the income tax liability of petitioner for the taxable year ended January 31, 1968, in the amount of $29,037. The sole issue remaining for decision is whether the three year period for assessment provided by section 6501(a)[1] is applicable. *236 2 All of the facts have been stipulated; the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner is a corporation organized on March 24, 1914, under the laws of the State of North Dakota. For the year at issue petitioner's principal office was located in Grand Forks, North Dakota. At the time the petition herein was filed petitioner was an inactive corporation with its principal office in Grand Forks. Petitioner for its taxable year ended January 31, 1968, was engaged in the business of operating a department store in Grand Forks. On April 10, 1968, petitioner filed its U.S. Corporation income tax return for the taxable year ended January 31, 1968, with the district director of internal revenue, Fargo, North Dakota. Respondent mailed a notice of deficiency for petitioner's taxable year ended January 31, 1968, to petitioner on March 24, 1971. On September 6, 1967, petitioner's board of directors granted Robert M. Swanson and Lawrence M. Anderson an option to purchase all the assets of petitioner *237 on or before January 31, 1968. The option was ratified by petitioner's stockholders on September 16, 1967. 3 On January 6, 1968, Robert M. Swanson and Lawrence M. Anderson notified petitioner of their intent to exercise the option to purchase the assets of petitioner. Petitioner filed Form 966, Corporate Dissolution or Liquidation, dated January 6, 1968, to which were attached resolutions for adopting a plan of liquidation and distribution of petitioner's assets to its shareholders, with the district director of internal revenue, Fargo, North Dakota. On February 12, 1968, Harold D. Shaft (Shaft), petitioner's vice-president and counsel, sent a letter addressed to the Internal Revenue Service, Fargo, North Dakota, which read as follows: Re: R. B. Griffith Co. Grand Forks, N. Dak. Gentlemen: We have heretofore filed a plan for the dissolution and liquidation of this corporation within 12 months. The business has been sold and we are now in the process of winding up its affairs. We would appreciate your auditing the income tax returns of this corporation for the past three years at your earliest convenience. Thanking you, we are Very truly yours, SHAFT *238 BENSON SHAFT & McCONN By /s/ Harold D. Shaft 4 On September 16, 1968, Shaft sent a letter addressed to the Internal Revenue Service, Fargo, North Dakota, which read as follows: Re: R. B. Griffith Co. Gentlemen: Notice was given last January of the plan for a twelve-month liquidation of this corporation.
February 12 we requested that you please audit the income tax returns for the past three years in order that we may have closing letters within the 12 month period. All of the assets of this corporation will be liquidated very shortly and we will be in a position to make final distribution as soon as we have income tax clearance. We will appreciate anything you can do to expedite the auditing of these returns. Very truly yours, SHAFT BENSON SHAFT & McCONN By /s/ Harold D. Shaft On March 27, 1968, September 12, 1968, and October 15, 1968, shareholders of petitioner's common and preferred stock received cash distributions, and on January 3, 1969, petitioner's board of directors authorized a final cash liquidation distribution in the amount of $300,874.50. Distribution was made ratably to the common and preferred stockholders in accordance with the number *239 of shares held by each on January 3, 1969. 5 By a resolution of petitioner's board of directors, $2,159.38, the balance after the final distribution to the shareholders, was paid over to Shaft's law firm to be held in trust for the shareholders and used to pay further outstanding obligations of petitioner. Petitioner has not been dissolved under the laws of the State of North Dakota. As a result of respondent's audit, petitioner's taxable income for petitioner's taxable year ended January 31, 1968, was increased by the amount of $65,062. This reflected respondent's determination that petitioner's cost of goods sold was $745,806 rather than $810,868. Petitioner conceded the correctness of the adjustment, and the only issue remaining for decision is whether petitioner is entitled to a prompt assessment under section 6501(d)[2] so as to bar assessment of petitioner's 6 deficiency in income tax for the taxable year ended January 31, 1968, within the three-year period for assessment provided by section 6501(a). *240 Petitioner's Federal income tax return for the taxable year ended January 31, 1968, was filed on April 10, 1968. On March 24, 1971, respondent issued a statutory notice of deficiency to petitioner for the taxable year ended January 31, 1968. Such notice was issued within the three-year period of limitations for assessment as provided by section 6501(a). Petitioner, relying on Kohlhase v. Commissioner, 181 F.2d 331 (C.A. 6, 1950), reversing 12 T.C. 725 (1949); and Beverly Wall Paper Co. v. Commissioner, 98 F.2d 211 (C.A. 3, 1938), reversing 36 B.T.A. 353 (1937), contends that letters sent by Shaft on February 12 and September 16, 1968, to the Internal Revenue Service, Fargo, were sufficient to inform the respondent of a request for prompt assessment; that substantial compliance with the regulations of section 6501(d) is all that is required; and 7 petitioner is therefore entitled to the benefits of that section. We disagree with petitioner's contention. It is true that in Kohlhase, supra, the court found that a letter written by the corporation's president and treasurer was sufficient notice for purposes *241 of section 275(b) (precursor to section 6501(d)) even though the letter (1) did not cite the statute under which the request was made; (2) did not request an assessment; and (3) did not refer to the year involved. However, to obtain the benefits of section 275(b) the requirements of the then applicable regulations were only that: The request in order to be effective, must be made after the return is filed and must be in such language as to make it clear to the Commissioner that it is desired to take advantage of the provisions of §275(b). * * * [Sec. 29.275-1, Income Tax Regs. 111] The regulations of section 6501(d) differ from those under section 275(b) and provide for a much stricter rule of compliance. Therefore, the reasoning of the cases relied on by petitioner is no longer appropriate. [3]
*242 Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated. ↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (d) Request for Prompt Assessment. - * * * [In] the case of any tax * * * for which return is required * * * by a corporation, the tax shall be assessed * * * within 18 months after written request therefor (filed after the return is made and filed in such manner and such form as may be prescribed by regulations of the Secretary or his delegate) * * * by the corporation, but not after the expiration of 3 years after the return was filed. This subsection shall not apply in the case of a corporation unless - (1) (A) such written request notifies the Secretary or his delegate that the corporation contemplates dissolution at or before the expiration of such 18-month period, (B) the dissolution is in good faith begun before the expiration of such 18-month period, and (C) the dissolution is completed; (2) (A) such written request notifies the Secretary or his delegate that a dissolution has in good faith been begun, and (B) the dissolution is completed; or (3) a dissolution has been completed at the time such written request is made. ↩
3. See H.Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. A414 (1954); and S.Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 584 (1954): Subsection (d) of this section provides an 18-month period of limitation where there is a request for prompt assessment by an executor or other fiduciary representing the estate of a decedent or a corporation in liquidation. Under existing law this rule is applicable only to the income taxes of the decedent, the estate, or the corporation. This subsection extends the rule to all taxes payable by return other than the estate tax. The subsection includes a new provision which requires the written request for prompt assessment to be filed in such manner and such form as may be prescribed by regulations. [Emphasis added] 8 The new regulations in fact require: [The] corporation, or the fiduciary representing the dissolved corporation * * * shall, after the return in question has been filed, file the request for prompt assessment in writing with the district director for the internal revenue district in which such return was filed. The request, in order to be effective, must be transmitted separately from any other document, must set forth the classes of tax and the taxable periods for which the prompt assessment is requested, and must clearly indicate that it is a request for prompt assessment under the provisions of section 6501(d). * * * [Emphasis added] [Sec. 301.6501(d)-1, Income Tax Regs.] This Court in Central Building & Loan Association, 34 T.C. 447 (1960), held that these "regulatory requirements for filing and content of the request for early assessment are clearly within the framework of section 6501(d)," and that they must be specifically complied with if the benefits of section 6501(d) are to obtained. The Court in Central stated: As we have noted above the regulation is designed to flag requests for special early assessment so that it will be clear to respondent that a taxpayer desired to specifically take advantage of section 6501(d); that when he says "early" he does not mean the term in any ordinary sense, but 9 rather in the sense implied by that section which imposes upon respondent an extraordinarily short 18-month period of limitation within which he must carry out an assessment function not otherwise required in a period shorter than 3 years from the filing date of a tax return. * * * [p. 452] [Due] to the volume of returns filed each year, [it is] an administrative necessity * * * that such requests are not lost or disregarded in the routine function of respondent's office and due notice of the special treatment requested [should be] brought to the attention of respondent. * * * [p. 452] Petitioner has not complied with either the requirements of the Code or the regulations. Its letters are deficient for the following reasons: 1. The letters neither identified Shaft as an officer of the corporation nor disclosed any corporate authority for him to act for petitioner. This Court in J. B. Cage, 15 T.C. 529 (1950), held that a letter did not meet the requirements of section 275(b) and is not filed "by the corporation" when it fails to indicate the signer's authority to act on behalf of the corporation. 2. One of the letters, written February 12, 1968, was not filed after the return was made as required by section 6501(d). 3. The letters were sent to "Internal Revenue Service, Fargo, North Dakota" and not filed with the district director, the proper authority as dictated by the regulations. 4. The letters did not set forth the classes of tax and taxable periods involved. 10 5. The letters did not sufficiently indicate that they were a request for a prompt assessment under section 6501(d). Finally, section 6501(d) also requires complete dissolution before the corporation is absolutely entitled to the benefits of a prompt assessment. Even as of the date of this trial petitioner had not been dissolved under the laws of the State of North Dakota and is therefore not entitled to the benefits of a prompt assessment. Decision will be entered for the respondent. ↩