## WHITE et al. v. UNITED STATES.
### No. 43488.

Court of Claims.
April 4, 1938.

Harry Levine, of New York City, for plaintiffs.

Samuel E. Blackham, of ·Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The facts with reference to the first question show that at a meeting of the board of directors of the plaintiff on December 18, 1930, it was resolved that the corporation be dissolved and that on December 20, 1930, all the stockholders of the corporation subscribed to an instrument unanimously consenting to its dissolution in pursuance. of section 39 of the General Corporation Law of the State of Delaware, Rev.Code 1915, § 1953, as amended by 36 Del.Laws, c. 135, § 17. This consent was filed in due course with the Secretary of State of Delaware and the statutes of that state with reference to dissolution of corporations were otherwise complied with. This resulted in the legal dissolution of the Efa Corporation on January 16, 1931, after the close of its taxable calendar year 1930.

The corporation filed its return for the calendar year 1930 on March 12, 1931, and with that return it made a written request under section 275(b) of the Revenue Act of 1928, 26 U.S.C.A. § 275 note, for a prompt determination and assessment of its tax liability for 1930. We are of opinion that the provisions of section 275(b), set forth in full below, applied to the written request made March 12, 1931, and that collection of the additional tax and interest thereon was barred by the statute of limitation of one year fixed by section 275 when the tax and interest were assessed February 18, 1933.

"(b) *Request for prompt assessment.* In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within one year after written request therefor (filed. after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of two years after the return was filed. This subsection shall not apply in the case of a corporation unless—

"(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such year; and

"(2) The dissolution is in good faith begun before the expiration of such year; and

"(3) The dissolution is completed."

Counsel for defendant contend that section 275(b), insofar as it relates to the tax of a corporation, applies solely and only to a corporation which is *contemplating* dissolution at or before the expiration of the year in which the request is filed at the time the written request for prompt assessment is made, and that such section *cannot* apply to a corporation which becomes dissolved after the end of the last taxable year covered by the request but before the return is filed and the request is made. This construction of the section would defeat its main purpose. It is obvious that the whole purpose of the section was to permit a corporation in dissolution to obtain a prompt and early determination of its tax liability in order that all matters incident to dissolution and the affairs of such corporation might be promptly administered and settled, its debts paid, and its assets distributed, without having to wait more than one year after written request for determination and assessment of its federal tax liability to wind up and settle such affairs. In order fully to accomplish the purposes intended the section permitted a corporation contemplating dissolution within one year to make written request at the time of the decision to begin dissolution proceedings for prompt determination and assessment, thereby obtaining the benefit of the short period of limitation on assessment and, also, obtaining a final determination and advice with respect to its tax liability by the time the dissolution should be completed or well underway toward completion. Although the section requires that the written request by a corporation which contemplates dissolution shall advise the Commissioner that the corporation contemplates dissolution at or before the expiration of one year after the date of the request, Report No. 2, 70th Congress, First Session, of the Ways and Means Committee of the House of Representatives, states that dissolution must in good faith be begun within a year after the request is made and that such dissolution must be completed whether or not within the year.

Section 275(b) relating to corporations was first enacted in the Revenue Act of 1928. Prior statutes shortened the period of limitation only as to cases of income received during the lifetime of a deceased individual. When the provisions affecting corporations are examined for the large meaning, as we think they must be, it ap-

pears evident that the purpose of their enactment was to afford relief from the usual period of limitation to corporations dissolved or contemplating dissolution, upon the compliance, by the corporations, with certain requirements. The purpose was to enable such corporations to wind up their affairs and distribute the assets without being confronted with the uncertainty of a demand which might later be made for federal taxes. The first sentence of subdivision (b) would, without doubt, include a corporation which had become dissolved at the time the request was made and we find nothing in the language of the second sentence which excludes a corporation whose dissolution occurs between the time the decision to dissolve is reached and the date the return is made, and therefore before the date on which a request for prompt assessment could be made under the statute. Moreover, complete dissolution is necessary before the corporation can become completely and absolutely entitled to claim the benefits of the one-year period of limitation. While the statute does not require that the dissolution become final and complete within one year after the written request for prompt assessment is made, the dissolution must in good faith be begun before the expiration of such year and be completed in due and legal course of dissolution proceedings which would be within a reasonable time. In the case of a corporation which became completely dissolved before the date on which request for prompt assessment could be made pursuant to dissolution proceedings begun in good faith, and the request notifies the Commissioner that the corporation was duly dissolved, such written request is a notification to the Commissioner that all of the matters contemplated and all of the steps required by subdivision (b) have been complied with. In such case the limitation of one year becomes completely effective without further conditions or further action. This view is supported by the legislative history of the amendment which embodied the provisions affecting corporations. In the interim, 69th & 70th Congresses, the Ways and Means Committee of the House of Representatives held hearings on the proposed Revenue Bill of 1928. The Special Committee on Taxation of the Bar of the City of New York appeared before the Committee and presented a written recommendation. The recommendation of the Special Committee on Taxation and the report upon which the recommendation was based are published at pages 462 to 471 in Public Document entitled "Hearings Before the Committee on Ways and Means, House of Representatives, interim 69th and 70th Congresses." At page 465 of said document the following recommendation of the Special Committee on Taxation appears, as follows:

"7. Statute of Limitations on Additional Assessments in case of dissolved corporations. (Sec. 277 [26 U.S.C.A. § 277 and note].)

"The law should be amended to include a provision that additional assessments with respect to corporations which have been dissolved shall be made within one year after written request therefor by the proper representative of the dissolved company.

"It is impossible for the representatives of a dissolved corporation to proceed with the distribution of its assets without a final determination with respect to the tax· liability of the company in the years preceding its dissolution. Although it is the intention of the Bureau to expedite audits in such cases, long delays are frequent and the stockholders of a corporation are deprived of their distributive shares of the assets until the Commissioner has audited the corporate returns and a final determination has been reached with respect to the tax liability. The number of corporations liquidating annually is not so large as to make it very difficult for the Commissioner to complete the audit and determine the tax liability of such companies within one year after receiving a request to do so."

Thereafter, in due course, the provision fixing a limitation period of one year for assessment of the tax, i. e., on the income of corporations in dissolution, was inserted in the Revenue Bill of 1928 and was duly enacted. The Ways and Means Committee and the Congress apparently deemed it desirable, upon consideration of the matter, to extend the privilege of the short period of limitation to corporations not only dissolved but to those contemplating dissolution and the section was framed so as to include both. That the section intended to extend to a corporation which had become dissolved the privilege of obtaining prompt determination and of claiming the benefits of the short period of limitation seems clear in view of the mo-

tive for the provision and the purposes intended to be accomplished thereby, as expressed in the report of the Ways and Means Committee, supra, at page 23, as follows: "In the case of a corporation about to dissolve, the prompt determination of tax liability becomes particularly desirable. Moreover, the collection of such taxes, if delayed, may become uncertain. Accordingly, a provision is incorporated under which a corporation about to dissolve may notify the Commissioner that it contemplates dissolution within a year and the assessment or proceeding in court for collection without assessment of any deficiency shall be begun within the year, provided that dissolution is in good faith begun before such time and that the dissolution is completed whether or not within the year."

When a corporation dissolved between the close of a taxable year and the date when the return was filed, a prompt determination of the tax liability would, it seems, be more desirable than in the case of a corporation contemplating dissolution, and the collection of such taxes as might be due by the corporation when it became dissolved before the return was filed would be more likely to become uncertain if delayed than the taxes due by a corporation only contemplating dissolution at the time the return was filed. We think these considerations sustain the view that Congress intended that the benefit of the limitation period of one year should extend and become available to a corporation which had become completely dissolved at the time the request for prompt determination was made. The written request was otherwise proper. Maffitt et al. v. Becker, 8 Cir., 65 F.2d 880. Under the interpretation urged by counsel for the defendant every corporation which had contemplated dissolution and had legally consummated it within the taxable year or the succeeding year, but before the filing of its return for the first year, would, because it could not make the request before submitting its return, be denied the relief afforded by the statute. This discrimination should not be lightly attributed to Congressional intent. In Kohlsaat v. Murphy, 96 U.S. 153, 160, 24 L.Ed. 844, the court said: "Rules and maxims of interpretation are ordained as aids in discovering the true intent and meaning of any particular enactment; but the controlling rule of decision in applying the statute in any particular case is, that,

whenever the intention of the legislature can be discovered from the words employed, in view of the subject-matter and the surrounding circumstances, it ought to prevail, unless it lead to absurd and irrational conclusions, which should never be imputed to the legislature, except when the language employed will admit of no other signification."

 Of the three requirements of section 275(b), compliance with which makes the limitation period of one year effective, the most important one is that dissolution of the corporation must be completed, yet, under the defendant's contention, the benefit of · this section is withdrawn from a corporation which has fulfilled all of the specified requirements. When a corporation contemplating dissolution makes application for prompt assessment the limitation of one year starts to run, but if dissolution is not in good faith begun after the request is made and is not completed in due course, the limitation period of one year does not become effective and the Commissioner has the usual and longer period within which to assess. A corporation in the situation of plaintiff has fulfilled all these requirements and the operation of the statute of limitation becomes completely effective upon the filing of the request for prompt assessment and there is nothing that stands in the way of final action by the Commissioner. We think therefore that the literal construction for which counsel for defendant contend destroys rather than promotes the real purpose of the provision. Counsel for defendant rely chiefly upon the use of punctuation marks (semicolons) to modify the effect of certain of the conjunctions in the latter part of the section, which are numbered (1), (2), and (3). We think each of the numbered requirements is alternative and that notice by the taxpayer to the Commissioner of any of the three requirements, namely, (1) the contemplated dissolution before the end of the year, (2) the beginning of dissolution proceedings, and (3) the completion of dissolution, is a sufficient compliance to set in motion the one-year period of limitation. If the notice informs the Commissioner that the last requirement has occurred, it is certain that the two preceding requirements have been complied with and the one year statute of limitation thereupon becomes completely effective; otherwise it begins to run but does not become com-

pletely effective until all three of the conditions have been complied with. In United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 82, 53 S.Ct. 42, 44, 77 L.Ed. 175, the court said: "Punctuation marks are no part of an act. To determine the intent of the law, the court, in construing a statute, will disregard the punctuation, or will repunctuate, if that be necessary, in order to arrive at the natural meaning of the words employed." The rule is well settled that the intention of the legislator controls over the letter of the statute, if by following the strict letter of the statute would result in injustice and produce results not intended. In Takao Ozawa v. United States, 260 U. S. 178, 194, 43 S.Ct. 65, 67, 67 L.Ed. 199, the court said: "It is the duty of this Court to give effect to the intent of Congress. Primarily this intent is ascertained by giving the words their natural significance, but if this leads to an unreasonable result plainly at variance with the policy of the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail."

■ A statute should not be so narrowly construed as to defeat the object intended to be accomplished. Helvering v. New York Trust Co., 292 U.S. 455, 464, 54 S. Ct. 806, 808, 78 L.Ed. 1361. In Helvering v. Bliss, 293 U.S. 144, 151, 55 S.Ct. 17, 20, 79 L.Ed. 246, 97 A.L.R. 207, it was held that liberalizations of the law in the taxpayer's favor, begotten from motives of public policy, are not to be narrowly construed. In Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 93, 55 S.Ct. 50, 54, 79 L.Ed. 211, the court said: "The intention of the lawmaker controls in the construction of taxing acts as it does in the construction of other statutes, and that intention is to be ascertained, not by taking the word or clause in question from its setting and viewing it apart, but by considering it in connection with the context, the general purposes of the statute in which it is found, the occasion and circumstances of its use, and other appropriate tests for the ascertainment of the legislative will."

■ Section 275(b) is in the nature of a relief provision. It brought about a change in preceding revenue acts and, as such, should be liberally construed in order that its object and purpose may be given effect. For the reason stated we think the tax and interest in question were barred at the time they were assessed and collected.

■ Our decision with respect to the statute of limitation makes it unnecessary to consider the other questions. However, with reference to the second or reorganization question, we are of opinion that there was a reorganization within the meaning of section 112(i) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 112 note; that plaintiff was a party to a reorganization within the meaning of section 112(i) (2), 26 U.S.C.A. § 112 note; that the bonds received by plaintiff in the new or consolidated corporation in exchange for the stock which it held in six of the eight constituent corporations were securities within the meaning of section 112(b) (3), 26 U.S.C.A. § 112(b) (3) and note; and that it was not necessary that plaintiff should have received stock in the consolidated corporation in addition to such securities in order for it to be a party to the reorganization. Helvering v. Watts, 296 U.S. 387, 56 S.Ct. 275, 80 L.Ed. 289; Kaspare Cohn Co., Ltd., v. Commissioner, 35 B.T.A. 646; Tyng et al. v. Commissioner, 36 B.T.A. 21; Raymond v. Commissioner, 37 B.T.A. 423; Frances M. Averill et al. v. Commissioner, 37 B.T.A. 485, decided March 17, 1938. In the last-mentioned case it appears that in 1927 the taxpayers, as stockholders in A Co., exchanged their stock for cash and bonds in B Co., the latter company, a corporation resulting from a consolidation of A Co. and R. Co. The bonds which taxpayers acquired by the exchange matured serially and during the taxable years 1931 to 1933, inclusive, certain of the bonds matured. The Board held that the 1927 transaction was a statutory reorganization and that the provisions of section 203(b) (2) and (d) (1) of the Revenue Act of 1926, 44 Stat. 12, 13, applied, and that the taxpayers were not entitled to determine and report the gain realized from the transaction on the installment basis under section 202(e) and 212(d) of the Revenue Act of 1926, 44 Stat. 12, 23.

Judgment will be entered in favor of plaintiff for $30,443.13 with interest as provided by law. It is so ordered.