ESTATE OF ARTHUR T. MARIX, DECEASED, RALPH D. SWEENEY, EXECUTOR, PETITIONER, ET AL.,[1] v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18859, 18864–18868, 18880. Promulgated December 12, 1950.

---

[1] Proceedings of the following petitioners are consolidated herewith : Dorothy K. Whitley; C. A. Brodie; Mary K. Dougherty; Anna K. Rives; Wm. P. Bell; and Estate of James A. Dougherty, deceased, Mary K. Dougherty, Executrix.

*Arthur L. Murray, Esq.*, for the petitioners.
*R. H. Kinderman, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The sole question presented for decision is whether the Commissioner is barred by limitations from asserting liability against stockholders of a dissolved corporation with respect to excess profits taxes of the corporation. The pertinent provisions of the Internal Revenue Code are set forth in the margin,[3] and the controversy turns upon the applicability of section 311 (b) (1), which allows the Commissioner to proceed against a transferee of a taxpayer's assets within a year after the expiration of the basic period of limitation

---

[3] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

(b) REQUEST FOR PROMPT ASSESSMENT.—In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within eighteen months after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of three years after the return was filed. This subsection shall not apply in the case of a corporation unless—

(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such 18 months' period ; and

(2) The dissolution is in good faith begun before the expiration of such 18 months' period ; and

(3) The dissolution is completed.

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

\* \* \* \* \* \* \*

(f) For the purposes of subsections (a), (b), (c), (d), and (e), a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day.

SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

(2) FIDUCIARIES.—The liability of a fiduciary under section 3467 of the Revised Statutes, as amended (U. S. C., Title 31, § 192), in respect of the payment of any such tax from the estate of the taxpayer.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows :

(1) In the case of the liability of an initial transferee of the property of the taxpayer— within one year after the expiration of the period of limitation for assessment against the taxpayer ;

\* \* \* \* \* \* \*

(f) DEFINITION OF "TRANSFEREE."—As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

for assessment against the taxpayer. If section 311 (b) (1) is applicable, then there is no dispute between the parties that the Commissioner's March 15, 1948, notices of liability were timely.[4]

The basic limitation provisions are set forth in section 275,[5] which is entitled "Period of Limitation Upon Assessment and Collection." Subsection (a) of section 275 is captioned "General Rule"; it requires that assessment be made within 3 years after the return was filed, and adds that "no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such periods." It is uncontroverted that where a taxpayer's assets have been disposed of, an additional year is added by section 311 (b) (1) to the foregoing 3-year period of limitation within which the Commissioner may proceed against a transferee. And this is so whether or not the Commissioner has initiated proceedings against the taxpayer-transferor within the basic period. *City Nat. Bank* v. *Commissioner*, 55 Fed. (2d) 1073 (CA-5), certiorari denied, 286 U. S. 561; *Flynn* v. *Commissioner*, 77 Fed. (2d) 180 (CA-5); *Rowan Drilling Co.*, 44 B. T. A. 189, 196; *Park & Tilford*, 43 B. T. A. 348, 383; *J. H. Johnson*, 19 B. T. A. 840, affd., 56 Fed. (2d) 58 (CA-5), certiorari denied, 286 U. S. 551. Compare *Mississippi Valley Trust Co.* v. *Commissioner*, 147 Fed. (2d) 186 (CA-8); *Moore* v. *Commissioner*, 146 Fed. (2d) 824 (CA-2); *Baur* v. *Commissioner*, 145 Fed. (2d) 338 (CA-3); *Fletcher Trust Co.* v. *Commissioner*, 141 Fed. (2d) 36 (CA-7), certiorari denied, 323 U. S. 711.

In the instant case, however, petitioners rely upon subsection (b) of section 275 rather than upon subsection (a). Subsection (b) is an exception to the "General Rule" of subsection (a). It is captioned "Request for Prompt Assessment," and provides in effect that in the case of income received by a decedent, or his estate, or by a corporation about to dissolve, subject to certain conditions, "the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within eighteen months after written request therefor * * * but not after the expiration of three years after the return was filed." [6]

The written request contemplated by section 275 (b) was made herein on December 19, 1945. Thus, if section 311 (b) (1) allows an

---

[4] The parties are not entirely in agreement as to the computation of the basic period under section 275 (b), but there is no dispute between them that, whichever computation is adopted, the March 15, 1948, notices were untimely if section 311 (b) (1) is inapplicable, and that they were timely if section 311 (b) (1) is applicable. In the circumstances, no useful purpose would be served by determining which computation is correct since the rights of the parties cannot be affected thereby.

[5] Although it is true that section 275 relates to "income taxes imposed by this chapter" [i. e., Chapter 1], and although the taxes here involved are excess profits taxes imposed by another chapter [i. e., Chapter 2], nevertheless the provisions of section 275, along with other provisions of law relating to Chapter 1 taxes, are made applicable to excess profits taxes by section 729 (a) of the Code.

[6] However, section 275 (f) provides that where the return was filed before the last day prescribed by law for the filing thereof, it "shall be considered as filed on such last day."

additional year within which to proceed against the transferees, the March 15, 1948, notices of deficiency were timely. The narrow question here presented, therefore, is whether section 311 (b) (1), which is applicable where the basic limitation period is computed under section 275 (a), is for some reason rendered inapplicable where the period is computed under section 275 (b). Our recent decision in *J. B. Cage*, 15 T. C. 529, 531, assumed that section 311 is operative in these circumstances.

There is nothing in the language or structure of section 275 (a) and (b), or of section 311 (b) (1), which suggests that 311 (b) (1) is to be inapplicable where the basic limitation period is determined under section 275 (b). Petitioners contend, however, that the very subject matter of section 275 (b) contemplates distributions of assets by the taxpayer; that its purpose was to fix the outside limit within which the Commissioner may proceed, whether against the taxpayer or against a distributee, and that it therefore renders section 311 (b) (1) inapplicable. Further, petitioners contend that section 275 (b) is not a "limitations" provision at all; that once the specified period has elapsed the Commissioner is deprived of all power to claim a deficiency, and that there can be no potential liability after that period to which section 311 (b) (1) could relate.

The difficulty with the latter contention is that section 275 (b) is a limitations provision. It is so identified by the all-embracing title of section 275, and the operative language of subsection (b) is essentially the same as the corresponding language of subsection (a), unquestionably a limitations provision. Again, other parts of section 275 confirm the character of subsection (b) as a limitations provision. For example, subsection (c) spells out a 5-year period where the taxpayer's return omits more than 25 per cent of the gross income properly includible therein. It seems clear that, if that condition were met, the 5-year period would supersede the 3-year period of subsection (a) or the shorter period of subsection (b). *Foster's Estate* v. *Commissioner*, 131 Fed. (2d) 405, 406 (CA-5), affirming 45 B. T. A. 126. Cf. *National City Bank of New York* v. *Helvering*, 98 Fed. (2d) 93 (CA-2), affirming 35 B. T. A. 975, 1000. We conclude that subsection (b) is merely part of a comprehensive scheme of limitations provisions, and was in general not intended to erase tax liability at the termination of the period specified therein in any manner different from that in which subsection (a) operates.[7]

There remains nevertheless the question whether subsection (b),

---

[7] Petitioners rely upon certain language in *Beverly Wall Paper Co.* v. *Commissioner*, 98 Fed. (2d) 211, 212 (CA-3), in support of a contrary conclusion. However, that case did not involve the provisions of section 311 (b) (1), and was concerned merely with the question whether an appropriate notice had been given by the taxpayer so as to bring section 275 (b) into play. Nothing in that case turned upon whether the expiration of the period completely wiped out the tax liability.

dealing as it does with situations which contemplate distributions of assets, was intended to render section 311 (b) (1) inapplicable. Of course, Congress could have framed the statute so as to preclude the operation of section 311 (b) (1), but we are met at the outset with the blunt fact that there is nothing in the statute which so provides. Nor have we been referred to any convincing materials which disclose a legislative purpose to reach such result.

The prompt assessment provisions relating to corporations about to dissolve first appeared in section 275 (b) of the Revenue Act of 1928, 45 Stat. 791, and were essentially the same as the provisions here involved, except that the 1928 Act fixed the period at one year after the request for prompt assessment or 2 years after the return was filed. The Revenue Act of 1934 expanded the period to 18 months and 3 years, respectively, and, as thus modified, the provisions have been reenacted and incorporated into the Internal Revenue Code.[8] The provisions of section 311 (b) (1) of the Internal Revenue Code that the period of limitation for assessment of the liability of a transferee of property of the taxpayer shall be "within one year after the expiration of the period of limitation for assessment against the taxpayer," first appeared in section 280 (b) (1) of the Revenue Act of 1926, and, after successive reenactments with some changes not material here, were finally brought into the Code.

Thus, the additional year for transferee proceedings was added by the 1926 Act, and there is nothing in the reports of the congressional committees considering either that legislation or the measure which became the 1928 Act (adding the provisions for prompt assessment as to corporations) which indicates in the slightest that Congress had any intention of rendering the transferee provisions inapplicable to the prompt assessment provisions. Indeed, the reports dealing with the prompt assessment provisions make no reference to limitations with respect to transferee liability. They do, however, reflect the intention of Congress to shorten the general period of limitation provided for in section 275 (a) and related sections of prior Acts and thus permit decedents' estates and corporations contemplating liquidation to obtain an earlier determination, assessment, and settlement of their tax liabilities. See H. Rept. No. 350, 67th Cong., 1st Sess., p. 14; S. Rept. No. 398, 68th Cong., 1st Sess., p. 32; H. Rept. No. 844,

[8] The earliest statutory authority for prompt assessment was contained in section 250 (d) of the Revenue Act of 1921, 42 Stat. 227, where it was provided that in the case of income received during the lifetime of a decedent, all taxes due thereon shall be determined and assessed by the Commissioner within one year after written request therefor by the representative of the estate. That provision was superseded in somewhat changed form by section 277 (a) (3) of the Revenue Act of 1924, 43 Stat. 253, which, in turn, was reenacted in substantially identical terms in Section 277 (a) (4) of the Revenue Act of 1926, 44 Stat. 9. Section 275 (b) of the 1928 Act extended the privilege to include income received by the estate of the decedent during the period of administration, as well as to income received by corporations contemplating dissolution.

68th Cong., 1st Sess., p. 24; H. Rept. No. 2, 70th Cong., 1st Sess., p. 23; S. Rept. No. 960, 70th Cong., 1st Sess., p. 31; H. Rept. No. 704, 73d Cong., 2d Sess., p. 34; S. Rept. No. 558, 73d Cong., 2d Sess., p. 43. For example, we find the statement that "In the case of a corporation about to dissolve, the prompt determination of tax liability becomes particularly desirable" (H. Rept. No. 2, 70th Cong., 1st Sess., p. 23). But such statements as these do not help us here. They merely show why Congress provided for a shorter period of limitation in subsection (b) than in subsection (a). They in no way deal with the entirely separate question of the Commissioner's rights against a transferee.

Whenever the assets of a taxpayer have been disposed of, new and sometimes difficult problems face the Commissioner in his attempt to effect collection. Not only must he investigate the liability of the taxpayer, but he must also trace the assets and establish the liability of the transferee. It is for that reason, presumably, that the Congress has given the Commissioner an additional year under section 311 (b) (1). And we have been referred to nothing in the legislative history of the provisions here under review which states an intention to render section 311 (b) (1) inoperative where the basic limitation period is computed under section 275 (b).

Indeed, it is not difficult to imagine situations in which the Commissioner's powers might be seriously impaired if he did not have that additional year. For example, suppose that the Commissioner had completed an extended investigation of a corporation's tax liability just prior to the expiration of the 18-month period and that the corporation was finally liquidated and dissolved at about the same time. The Commissioner would then be faced with the entirely new problem of attempting to trace assets—a task that might well require far more than the few remaining days of the 18-month period.[9]

Section 311 (b) (1) was intended to give the Commissioner an additional period of 1 year within which to cope with the special problems growing out of a disposition of a taxpayer's assets. We are unwilling to say, in the absence of a clearly apparent legislative purpose, that Congress by implication deprived him of that additional year.

There is no dispute that respondent acted within that year in this case. All of the assets of the corporation were distributed to the

[9] Of course, it might be said that the Commissioner could protect himself by sending the deficiency notice promptly upon concluding his investigation within the 18-month period directly to the taxpayer, and that he would then have 1 year under section 311 (b) (1) within which to proceed against the transferees. But the difficulty with that position is that the cases cited above (p. 824) show that the Commissioner is entitled to proceed directly against transferees without sending any prior notice to the taxpayer. Indeed, such prior notice might well be a futile gesture if the corporation had already been finally and completely dissolved.

petitioners, and the value of the distributions received by each was not less than the amount of the deficiencies asserted. As a result of the distributions the corporation was left insolvent and unable to satisfy the liability for additional excess profits taxes for 1943 and 1944 which the respondent determined it owed. Petitioners have not proven, or attempted to prove, that the adjustments made by the respondent in the corporation's invested capital, in arriving at the amount of the additional excess profits taxes due from the corporation, were erroneous. In the circumstances, we hold that the respondent correctly determined that the petitioners were liable as transferees, for the deficiencies asserted against them.

*Decision will be entered for the respondent.*