**N. B. DREW**

v.

**The UNITED STATES.**

**The VALLEY NATIONAL BANK OF ARIZONA, Executor of the Estate of William F. Drew, Deceased**

v.

**The UNITED STATES.**

**Nos. 322-62, 324-62.**

United States Court of Claims.

Jan. 22, 1965.

Thaddeus Rojek, Phoenix, Ariz., for plaintiffs. W. Lee McLane, Jr., Phoenix, Ariz., of counsel.

Philip R. Miller, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant. C. Moxley Featherston, Lyle M. Turner, and Cynthia Holcomb, Washington, D. C., on the briefs.

---

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, and COLLINS, Judges.

LARAMORE, Judge.

These are consolidated actions brought by taxpayers for the refund of income taxes paid by them as transferees of a dissolved corporation. The case is before us on taxpayers' motion for summary judgment in which the sole question presented is whether the Commissioner of Internal Revenue is barred by limitations from asserting transferee liability against taxpayers for a deficiency in income taxes for 1956 of the now dissolved F. P. Drew & Sons Lumber Company, Inc. Taxpayers rely on subsection (d)

of section 6501 of the 1954 Code which provides an exception to the "General Rule" of subsection (a) of that section which requires that an assessment be made within three years after the return is filed.[1] Subsection (d) shortens the customary 3-year limitation to 18 months in situations where a request for prompt assessment is filed with the Commissioner by a corporation contemplating dissolution. On the other hand, the government, in support of its contention that the assessments were timely made, relies on section 6901(c) (1) of the 1954 Code[2] which allows the Commissioner to proceed against a transferee of taxpayer's assets within a year after the expiration of the period of limitations for assessment against the transferor.

1. Section 6501 of the Internal Revenue Code of 1954, as amended, provides in pertinent part:

"§ 6501. Limitations on assessment and collection

"(a) *General rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

\* \* \* \* \*

"(d) *Request for prompt assessment.* —Except as otherwise provided in subsection (c), (e), or (f), in the case of any tax (other than the tax imposed by chapter 11 of subtitle B, relating to estate taxes) for which return is required in the case of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within 18 months after written request therefor (filed after the return is made and filed in such manner and such form as may be prescribed by regulations of the Secretary or his delegate) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of 3 years after the return was filed. This subsection

shall not apply in the case of a corporation unless—

"(1) (A) such written request notifies the Secretary or his delegate that the corporation contemplates dissolution at or before the expiration of such 18-month period, (B) the dissolution is in good faith begun before the expiration of such 18-month period, and (C) the dissolution is completed;

"(2) (A) such written request notifies the Secretary or his delegate that a dissolution has in good faith been begun, and (B) the dissolution is completed; or

"(3) a dissolution has been completed at the time such written request is made. \* \* \*"

2. Section 6901 of the Internal Revenue Code of 1954 provides in pertinent part:

"§ 6901. Transferred assets

\* \* \* \* \*

"(c) *Period of limitations.*—The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows:

"(1) *Initial transferee.*—In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limitation for assessment against the transferor;

\* \* \* \*

"(e) *Period for assessment against transferor.*—For purposes of this section, if any person is deceased, or is a corporation which has terminated its existence, the period of limitation for assessment against such person shall be the period that would be in effect had death or termination of existence not occurred. \* \* \*"

There is no dispute in this case that a request pursuant to section 6501(d) was made by the dissolving corporation; that no requests for extension of the statutory period of limitations were made; that no deficiency notices were sent to the dissolved corporation; and that the Commissioner did not send the statutory notices of deficiency asserting transferee liability against taxpayers until two weeks after the 18-month period of subsection (d) had run. Thus, the controversy turns upon the applicability of section 6901(c)(1), *supra*, to the case at bar. If we determine that the provisions of section 6901(c)(1) are operative, then there is no dispute that the statutory notices sent to taxpayers were timely.

At the outset it is noted that there is no dispute that section 6901(c)(1) is applicable in situations where the basic limitation period is computed under the general rule of subsection (a) of section 6501. However, taxpayers contend that section 6901(c)(1) becomes inoperative where the dissolving corporation requests a prompt assessment pursuant to subsection (d) of section 6501 and the basic period of limitations against the transferor is shortened to 18 months instead of 3 years. In support of this contention taxpayers argue that the construction urged by the government would not only disregard the express statutory language of section 6501(d) that "the tax *shall be assessed * * * within 18 months after written request therefor*" [emphasis added] but also would frustrate the congressional intent of permitting a corporation in dissolution to obtain a prompt and early determination of its tax liability. In addition, taxpayers contend that the construction urged by the government of subsection 6501(d) conflicts with our analysis of the legislative purpose of that section as set forth in White v. United States, 22 F.Supp. 821, 86 Ct. Cl. 728 (1938).

This precise question was before the Tax Court in Estate of Marix v. Commissioner, 15 T.C. 819 (1950). In deciding adversely against the taxpayer, the Tax Court noted that there was nothing in the language or the legislative history of section 275 of the 1939 Code, the predecessor of 6501, which suggested that the additional year for assessment of a transferee was inapplicable where the basic limitation period was shortened to 18 months by requesting prompt assessment. We have examined the pertinent legislative history and agree with the Tax Court that Congress, by enacting section 6501(b), did not intend to render inoperative the period of limitation provided for transferred assets in section 6901(c)(1). The legislative reports explaining section 6501(d) and its predecessors make it clear that prompt assessment *against the dissolving corporation* was desirable.[3] However, there is no indication that the drafters of the section intended to make the provisions allowing assessment *against the transferees inoperative*. The transferee liability section was part of the Revenue laws prior to and at the time Congress enacted what is now subsection 6501(d) providing for prompt assessment. It is fair to say that if Congress intended that the prompt assessment section be free from the operation of the transferee liability provisions, it would have given such an indication, either in the statute or in the legislative history. We have found none. To accept taxpayers' construction of section 6501(d) would be to repeal a section of the Code by implication, a result which would be contrary to a cardinal principle of statutory construction. United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939). In addition, we do not see any conflict between our decision in White, supra, and our present holding following the decision of the Tax Court in Marix, supra.

Taxpayers' argument that the plain language of the statute requires the result which they urge, is not persuasive. The language referred to pertains to the

---

3. See our discussion of the legislative history in White v. United States, 22 F.Supp. 821, 86 Ct.Cl. 728 (1938).

assessment against the corporation and not the transferees. Consequently, we hold that the statutory notices were timely made within the provisions of section 6901(c) (1). Accordingly, plaintiffs' motion for summary judgment is denied and the case returned to a trial commissioner of this court for further proceedings