ESTATE OF HENRY WALKER, BY MYRNA J. HARMS, PERSONAL REPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 703-86.          Filed February 11, 1988.

*Donald K. Robertson,* for the petitioner.
*Randall E. Heath,* for the respondent.

OPINION

SCOTT, *Judge:* Respondent determined a deficiency in the income tax of the Estate of Henry Walker for the taxable year 1982 in the amount of $33,025.

---

The issues for decision are whether a notice determining a deficiency in the income tax for the calendar year 1982 of Henry Walker, issued on October 4, 1985, to "Estate of Henry Walker, Deceased, Myrna J. Harms," is a timely and valid notice of deficiency and, if it is, whether upon the filing of a petition from the notice of deficiency, we acquired jurisdiction to make a determination in this case.

All of the facts have been stipulated and are found accordingly.

Petitioner in this case is the Estate of Henry Walker by Myrna J. Harms, personal representative. Henry Walker was an individual who died in Portland, Oregon, on March 14, 1984. Myrna J. Harms was appointed as the personal representative of the Estate of Henry Walker on April 2, 1984. Myrna J. Harms has been domiciled in Oregon at all times relevant to this case.

A notice of deficiency was issued to the Estate of Henry Walker, deceased, Myrna J. Harms, on October 4, 1985. Henry Walker (decedent) filed an income tax return for the calendar year 1982, on or about April 15, 1983. No written request was made by the Estate of Henry Walker for a prompt assessment of taxes pursuant to section 6501(d).[1]

During the taxable year 1982, decedent received interest from Western Savings & Loan Bank of $32,039, of which $30,184 was reported on his income tax return for that year. Also during the taxable year 1982, decedent received $11,724 of interest from the First Interstate Bank, of which $10,907 was reported on his return. On February 16 and 17, 1982, decedent redeemed 40 Treasury bonds. Decedent received interest on the 40 Treasury bonds in 1982 of $77,143, of which $3,968 was reported on his 1982 income tax return.

Myrna J. Harms, as personal representative of the Estate of Henry Walker, gave notice to creditors as provided by Oregon statute, directing all persons having claims against the estate to present their claims to the personal representative within 4 months of the notice. This notice was published 3 times as required by Oregon law, the last

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

publication date being on April 18, 1984. The United States filed no claims based on decedent's 1982 income tax liability during the 4-month period specified by the notice to interested persons.

On December 12, 1984, the personal representative made distribution of the assets of the estate in accordance with the order of the court. The estate was closed and the personal representative discharged. Decedent failed to report on his 1982 Federal income tax return $75,847 in interest income which should have been reported on that return.

On January 9, 1986, a petition in this case was filed under the name "Estate of Henry Walker, Deceased, Petitioner v. Commissioner of Internal Revenue, Respondent." The petition was signed by the attorney who represents petitioner herein. The allegations in the petition did not contest the merits of the deficiency determined by respondent, but alleged that the notice sent to the Estate of Henry Walker was not timely, since it was mailed after the final distribution of the estate was made, and the personal representative was discharged.[2]

Respondent on February 28, 1986, filed his answer, in which most of the allegations of the petition were denied for lack of knowledge with a statement that the administrative file had not been received by counsel. Respondent affirmatively alleged that the determination of the deficiency was not barred by the statute of limitations.

When this case was called for trial at Portland, Oregon, on January 20, 1987, counsel for respondent stated that the caption of the case should be amended to include Myrna J. Harms as personal representative of the estate. Counsel for the parties agreed to attempt to stipulate to a proper caption for the case. By order dated March 30, 1987, the caption of the case was amended to read as above shown.

On August 7, 1987, respondent filed a motion to dismiss this case for lack of jurisdiction, reciting that at the date of the filing of the petition, there was no personal representa-

---

[2]The petition alleges that all of the assets of the estate were distributed on Dec. 12, 1984, that the court approved the final account and decree of distribution on Dec. 14, 1984, and—

"after distribution of the assets the personal representative received the first notice from the Internal Revenue Service dated December 19, 1984, indicating that the decedent had failed to include in gross income certain items of interest upon which the alleged deficiency is based."

tive of the Estate of Henry Walker authorized to file a petition on behalf of the estate. Respondent alleged in the motion that Oregon law provided for reopening of the estate of a decedent for the purposes of performing any necessary act, and that counsel for respondent had requested counsel for petitioner to reopen the estate pursuant to this Oregon statute, but that to date, the estate had not been reopened. Petitioner objected to the motion and asked for additional time to reopen the estate.

Based upon a petition of Myrna J. Harms, the Circuit Court of the State of Oregon for the County of Multnomah, in which the matter of the Estate of Henry Walker was pending, entered an order that the estate "be and hereby is," reopened for the purpose of litigating claims of the Internal Revenue Service and that Myrna J. Harms is reappointed as personal representative, without bond.

After entry of the order reopening the estate and reappointing Myrna J. Harms personal representative, respondent filed a notice with the court that he had no objection to the denial of his motion to dismiss for lack of jurisdiction, filed August 7, 1987, and on November 9, 1987, that motion was denied.

The record shows that October 4, 1985, the date of the mailing of the notice of deficiency to the Estate of Henry Walker, was well within the period of 3 years after decedent had filed his Federal income tax return for the calendar year 1982.

In *Patz Trust v. Commissioner,* 69 T.C. 497 (1977), we held that a notice of deficiency of income tax of a trust sent to trustees of the trust after all of the assets of the trust had been distributed and the trust terminated, was a valid notice, since the required notice under section 6903 of discharge of the trustee had not been sent to the Commissioner. In *Estate of Sivyer v. Commissioner,* 64 T.C. 581 (1975), we held that a notice of a deficiency in estate tax was properly sent to the estate even though the executor had been discharged under section 2204(a) from personal liability for estate tax imposed upon him in his capacity as executor. In that case, we stated (p. 583):

Shank, in his representative capacity, was the proper party unless prior to the mailing of the deficiency notice his fiduciary capacity a executor

was terminated, and he gave respondent written notice of that termination in accordance with section 6903 and the regulations thereunder. * * *

Since the record in this case does not show that the personal representative of the Estate of Henry Walker gave respondent any notice of her discharge in accordance with the provisions of section 6903, the above-discussed two cases would dispose of the issue in the instant case. However, in our view, the broader issue is whether, absent a proper request for prompt assessment under the provisions of section 6501(d),[3] the 3-year statute for assessment of income tax against the estate of a decedent can be shortened by distribution of assets of the estate and discharge of the personal representative.

Petitioner cites us to no case which has held that where respondent sends a notice of deficiency to an estate within the 3-year period, the notice is untimely or invalid, because prior to the date the notice is mailed, the administrator, executor, or personal representative has been discharged, or the assets of the estate have been distributed. The cases cited by petitioner in support of the estate's position, such as *Hulburd v. Commissioner,* 296 U.S. 300 (1935), and *Estate of McKnight v. Commissioner,* 8 T.C. 871 (1947), do not discuss the propriety of a deficiency notice to an estate, but rather the personal liability of the executor. It is clear that a determination of deficiency against an estate, even though the executor or personal representative is named as the person to receive the notice, is not a determination of deficiency against the executor or personal representative in his or her personal capacity. *Estate of Meyer v. Commissioner,* 58 T.C. 69, 72 (1972); *Estate of Tarver v. Commissioner,* 26 T.C. 490, 498 (1956), modified on other issues 255 F.2d 913 (4th Cir. 1958). Respondent's notice of deficiency

---

[3] Sec. 6501(d) provides in relevant part as follows:

Except as otherwise provided in subsection (c), (e), or (f), in the case of any tax (other than the tax imposed by chapter 11 of subtitle B, relating to estate taxes) for which return is required in the case of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within 18 months after written request therefor (filed after the return is made and filed in such manner and such form as may be prescribed by the regulations of the Secretary) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of 3 years after the return was filed. This subsection shall not apply in the case of a corporation unless—

in this case was a determination of an income tax deficiency of the Estate of Henry Walker, not a determination of personal liability of the personal representative.

If an executor or personal representative of an estate could shorten the 3-year period of limitations for assessment of a deficiency against the estate merely by distributing the assets of the estate and being discharged, there would be no need for the provisions of section 6501(d) shortening the period of limitations upon proper request of the executor or personal representative. The predecessor of section 6501(d) was enacted to allow an executor to have the period shortened to enable more expeditious distribution of the estate. See the discussion in *Estate of Marix v. Commissioner*, 15 T.C. 819, 824-825 (1950), discussing the predecessor statute of section 6501(d). Cf. *Garfinkel v. Commissioner*, 67 T.C. 1028, 1032 (1977). Since section 6501(d) provides a manner of shortening the period of limitations on assessment of a deficiency against an estate, the 3-year period remains in effect, absent a proper request under that section.

Even though respondent agreed to denial of his motion to dismiss for lack of jurisdiction, the situation suggests some comment since jurisdiction should never be left in doubt. The petition in this case was filed in the name of the estate within the statutory period after the mailing of the notice of deficiency. It was signed by counsel who, so far as this record shows, was never the personal representative of the estate. See *Krueger, Transferee v. Commissioner*, 48 T.C. 824, 831 (1967). We granted respondent's motion to change the caption to read the Estate of Henry Walker, "by Myrna J. Harms, Personal Representative." Thereafter, Myrna J. Harms was reappointed as personal representative of the Estate of Henry Walker and filed a copy of this reappointment with the Court. If the initial filing of the petition in the name "Estate of Henry Walker" without designating the person entitled to represent the estate was defective, the subsequent action of Myrna J. Harms in being reappointed as personal representative and filing a copy of her reappointment with the Court cures this defect.

Rule 60(a) of our Rules of Practice and Procedure, provides that a case timely brought shall not be dismissed

on the ground it is not properly brought on behalf of a party, until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case. Our Rule further provides that such ratification shall have the same effect as if the case had been properly brought by such party. Since Myrna J. Harms is now the personal representative of the Estate of Henry Walker, with authority to file a petition and has ratified the timely filed petition, we have jurisdiction over this case.[4]

*Decision will be entered for the respondent.*

---

[4]Or. Rev. Stat. sec. 116.213 (1987), provides as follows with respect to discharge of personal representatives:

*Discharge of personal representative.* Upon the filing of receipts or other evidence satisfactory to the court that distribution has been made as ordered in the final decree, the court shall enter an order of discharge. The discharge so entered operates as a release of the personal representative from further duties and as a bar to any action against the personal representative. The court may, in its discretion and upon such terms as may be just, within one year after entry of the order of discharge, permit an action to be brought against the personal representative and the surety of the personal representative if the order of discharge was taken through fraud or misrepresentation of the personal representative or the surety of the personal representative or through the mistake, inadvertence, surprise or excusable neglect of the claimant.

Furthermore, Or. Rev. Stat. sec. 116.233 provides:

*Reopening estate of the decedent.* Upon the petition of any interested person, the court, with such notice as it may prescribe, may order the estate of a decedent reopened if other property is discovered, if any necessary act remains unperformed or for any other proper cause appearing to the court. The court may reappoint the former personal representative, or appoint another personal representative, to administer any additional property or to perform such other acts as are considered necessary. The provisions of law as to original administration apply, in so far as applicable, to accomplish that purpose for which the estate is reopened, but a claim that already is adjudicated or barred may not be asserted in the reopened administration.

